IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOANN CROWLEY,                                    *

    Plaintiff,                                 *

       v.                                       *         Civil Action No. RDB-15-00607

JPMORGAN CHASE BANK,                             *
NATIONAL ASSOCIATION, and
                                                 *
BWW LAW GROUP, LLC,
                                                 *
    Defendants.
                                                 *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Joann Crowley ("Plaintiff" or "Crowley") brings this lawsuit against Defendants JPMorgan Chase Bank, National Association ("Chase") and BWW Law Group, LLC ("BWW") (collectively, "Defendants") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.,* the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW, §§ 13-101 *et seq.*, the Maryland Consumer Debt Collection Act, MD. CODE ANN., COM. LAW, §§ 14-201 *et seq.*, and the Maryland Mortgage Fraud Protection Act, MD. CODE ANN., REAL PROP. §§ 7-401 *et seq.*

Currently pending before this Court are Defendant BWW's Motion to Dismiss (ECF No. 8) and Defendant Chase's Motion to Dismiss (ECF No. 9). Also pending is Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 17). Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff's Motion for Leave to File an Amended

Complaint (ECF No. 17) is GRANTED,[1] Defendant Chase's Motion to Dismiss (ECF No. 9) is GRANTED with respect to the four counts asserted against it, and Defendant BWW's Motion to Dismiss (ECF No. 8) is GRANTED IN PART and DENIED IN PART. Specifically, Defendant BWW's Motion to Dismiss is GRANTED with respect to Count 5, claiming a violation of the Maryland Consumer Debt Collection Act, and DENIED with respect to Count 2, alleging a violation of the Fair Debt Collection Practices Act.

## BACKGROUND

This Court accepts as true the facts alleged in the complaint. *See Aziz v. Alcolac, Inc.,* 658 F.3d 388, 390 (4th Cir. 2011).

In 2008, Joann Crowley entered into a deed of trust and obtained a mortgage for the property located at 19829 Reidtown Road, Hagerstown, Maryland. Am. Compl. ¶¶ 11–12 (ECF No. 17), Pl.'s Exs. A–B (ECF No. 1). Chase was the servicer of the mortgage note. Am. Compl. ¶ 29 (ECF No. 17). As of May 2, 2009, Crowley had defaulted on her mortgage, and Chase placed the note in default status. Pl.'s Ex. C (ECF No. 1). On

---

[1] Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend "shall be freely given when justice so requires." *See Foman v. Davis,* 371 U.S. 178 (1962), (enumerating certain factors to guide federal district courts in making a determination with respect to granting leave to amend a complaint). Leave to amend should be denied only when amending the pleading would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility. *Steinburg v. Chesterfield Cty. Planning Comm'n,* 527 F.3d 377, 390 (4th Cir. 2008). At minimum, granting leave to amend is warranted when "at least some [of the requesting party's] claims are not futile." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC,* No. 11-0986, 2012 WL 37397 at *3 (D. Md. Jan. 5, 2012). In this case, Plaintiff's Amended Complaint asserts additional facts in support of her claims that are not futile. Specifically, Plaintiff avers facts that support her claim that she suffered injury as a result of Defendants' alleged misleading conduct. Additionally, granting Plaintiff's Motion will not prejudice either Defendant. Therefore, Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 17) is GRANTED. Having granted the Plaintiff's Motion, Plaintiff's Amended Complaint (ECF No. 17) becomes the instant Complaint in this matter. Although the Defendants' motions to dismiss (ECF Nos. 8 & 9) were filed before Plaintiff sought to amend her Complaint, this Court addresses their respective motions as if they seek to dismiss Plaintiff's Amended Complaint.

November 15, 2013, attorneys with BWW Law Group, as Substitute Trustees, began foreclosure proceedings on the property in the Circuit Court for Washington County, Maryland. Am. Compl. ¶ 14 (ECF No. 17). BWW sold the house at auction on March 12, 2014. Am. Compl. ¶ 15 (ECF No. 17).

BWW filed a Certificate of Publication of Sale in connection with the state foreclosure proceeding on April 4, 2015.[2] Am. Compl. ¶ 16 (ECF No. 17), Pl.'s Ex. F (ECF No. 1). The Certificate, completed by the Herald-Mail daily newspaper, certified that notice of the sale of Crowley's property was published in that newspaper on February 25, 2014, March 4, 2014, and March 11, 2014. Pl.'s Ex. F (ECF No. 1). However, the Certificate was dated February 25, 2014, a date prior to the publication dates it purported to certify. *Id.* Crowley also discovered that, contrary to the affirmations made in the Certificate of Publication of Sale, the Herald-Mail did not publish notice of the sale of Crowley's home on March 11, 2014. Am. Compl. ¶ 21 (ECF No. 17); Pl.'s Ex. I (ECF No. 1).

On May 14, 2015, after realizing this error, Crowley objected to the foreclosure sale for failure to meet the presale publication requirements under MD Rule 14-303, and for submitting a false Certificate of Publication of Sale. Am. Compl. ¶ 18 (ECF No. 17). On May 23, 2015, the Defendants submitted an amended Certificate of Publication of Sale, which listed the same dates of publication as the originals. Am. Compl. ¶ 19 (ECF No. 17); Pl.'s Ex. H (ECF No. 1). However, the Certificate itself was not dated. *Id.* At a hearing in the Circuit Court for Washington County on this matter, Crowley introduced the entire

---

[2] Under Maryland Rules, a trustee proposing a public sale of a property must give notice by advertisement of the time, place, and terms of the sale in a newspaper of general circulation in each county where any portion of the property is located. Md. R. 14-303(b). The notice must be published at least once a week for three successive weeks. *Id.* at 14-303(b)(1).

March 11, 2014 issue of the Herald-Mail in support of her assertion that BWW had submitted false and misleading affidavits claiming it had complied with all presale publication requirements when in fact it had not.[3]  Pl.'s Ex. I (ECF No. 1).  Ultimately, the Circuit Court for Washington County found that Chase did not meet the presale publication requirements and set aside the sale of Crowley's property. Am. Compl. ¶ 22 (ECF No. 17); Pl.'s Ex. J (ECF No. 1).

On March 15, 2015, Crowley filed the initial Complaint with this Court (ECF No. 1), claiming that the Certificates of Publication of Sale (or, "affidavits") were false and misleading.  First, she alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* by both Defendants BWW and Chase (Counts 1 & 2)*,* a violation of the Maryland Consumer Protection Act, MD. CODE ANN., COM. LAW, §§ 13-101 *et seq.* by Chase (Count 3), violations of the Maryland Consumer Debt Collection Act, MD. CODE ANN., COM. LAW, §§ 14-201 *et seq.* by Chase and BWW (Counts 4 & 5), and a violation of the Maryland Mortgage Fraud Protection Act, MD. CODE ANN., REAL PROP. §§ 7-401 *et seq.* by Chase (Count 6).

Subsequently, BWW and Chase filed separate motions to dismiss Plaintiff's claims. (ECF Nos. 8 & 9).  Crowley filed a Motion for Leave to File an Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure (ECF No. 17). In her Amended Complaint, she averred additional facts in support of her claims that she relied on Defendants' misleading conduct and it caused her injury.  Am. Compl. (ECF No. 17) ¶ 23-25.  Because Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 17) was

---

[3] Plaintiff attached two pages of the March 11, 2014 issue to her complaint, not the entire issue. *See* Pl.'s Ex. I (ECF No. 1).

granted, *see supra* note 1, her Amended Complaint is the instant Complaint in this matter, and the Court treats Defendants' motions to dismiss as seeking to dispose of those claims.

<u>STANDARD OF REVIEW</u>

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept

legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary–Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d 582, 584–585 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal* ). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. While the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim. It need only allege facts sufficient to state elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

Finally, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a claim of fraud[4] must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The circumstances include the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d. 769, 777 (4th Cir. 2013) (*citing Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

DISCUSSION

## I. Plaintiff's Fair Debt Collection Practices Act Claims (Counts 1 & 2)

The Fair Debt Collection Practices Act ("FDCPA") safeguards consumers from abusive and deceptive debt collection practices by debt collectors. *Spencer v. Hendersen–Webb, Inc.,* 81 F. Supp. 2d 582, 590 (D. Md. 1999) (*citing United States v. Nat'l Fin. Servs. Inc.,* 98 F.3d 131, 135 (4th Cir. 1996)). The FDCPA prohibits "the false representation of . . . the character, amount, or legal status of any debt" and "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(2)(A); 15 U.S.C. § 1692e(10). To state a claim under the FDCPA, the plaintiff must demonstrate that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Sterling v. Ourisman Chevrolet of Bowie, Inc.*, 943 F. Supp. 2d. 577, 585 (D. Md. 2013) (citing *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012)).

---

[4] Plaintiff alleges violations of the Maryland Consumer Protection Act and Maryland Mortgage Fraud Protection Act. *See* Parts III and IV of the Discussion section, *infra.*

The FDCPA defines a debt collector as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see also Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 230 (4th Cir. 2007). A creditor, defined as "any person who offers or extends credit creating a debt to whom a debt is owed" is not a debt collector under the FDCPA unless an exception applies. 15 U.S.C. § 1692a(4); *Kennedy v. Lendmark Fin. Servs.*, RDB-10-02667, 2011 WL 4351534, at *3 (D. Md. Sept. 15, 2011) ("The FDCPA does not . . . apply to creditors collecting debts in their own names and whose primary business is not debt collection."); *see also Boccone v. Am. Express Co.,* No. RDB 05-3436, 2007 WL 2914909, at *5 (D. Md. Oct. 4, 2007); *Akpan v. First Premier Bank,* DKC 09-1120, 2010 WL 917886, at *4 (D. Md. Mar. 8, 2010).

The "post-default transfer" exception applies to a creditor who "receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). The "other name" exception applies where a creditor "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Akpan*, 2010 WL 917886 at *5. If neither of the foregoing exceptions apply to the creditor, it is not a debt collector under the statute. *See Kennedy*, 2011 WL 4351534 at *3. In contrast, lawyers or law firms who regularly, through litigation, try to collect consumer debts are "debt collectors" under the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *see also Sayyed*, 485 F.3d at 230.

To plead a plausible FDCPA violation under section 1692e of the Act, a plaintiff must show that the challenged representations would mislead the "least sophisticated consumer." *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996). This standard protects "the gullible as well as the shrewd;" however, it also "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Id.* (*citing Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). Thus, "bizarre or idiosyncratic interpretations" are not protected under the least sophisticated consumer standard. *Id.* The FDCPA is a strict liability statute, and a consumer only has to prove one violation to trigger liability. *Spencer,* 81 F. Supp. 2d at 590–91.

### a. FDCPA Claim Against JPMorgan Chase (Count 1)

In both the original Complaint and the Amended Complaint, Plaintiff claims that Chase is a debt collector and violated the FDCPA's prohibition against false or misleading representations, 15 U.S.C. § 1692e *et seq.*, by filing false and misleading affidavits. In her Amended Complaint, Plaintiff claims that Chase is a debt collector because it "acknowledges it is the servicer of the underlying note in this matter and regularly attempts to collect debts." Am. Compl. ¶ 29 (ECF No. 17). Chase argues that it is not a debt collector because it is a mortgage servicer, and mortgage servicers are generally not "debt collectors" under the FDCPA. Chase Mot. to Dismiss at 6–7 (ECF No. 9). Plaintiff's claim that it has violated the FDCPA fails, Chase contends, because she has not alleged sufficient facts demonstrating that Chase is a debt collector under the FDCPA. *Id.* Plaintiff fails to state a claims against Chase because, first, Plaintiff does not show that Chase falls under either statutory definition

of "debt collector." Second, Plaintiff fails to show that either of two exceptions apply to Chase such that, despite its status as a creditor, it is subject to the FDCPA.

Plaintiff fails to demonstrate that Chase meets either definition of a debt collector under the FDCPA. First, nowhere in her complaint does she plead that the "principal purpose" of Chase's business was debt collection. Second, she states that Chase is the servicer of her mortgage and that she has an obligation to repay Chase. Am. Compl. ¶¶ 28–29 (ECF No. 17). In averring this fact, she concedes that Chase extended her credit creating a debt, and that she owes Chase repayment of that debt. This is the definition of a creditor under the FDCPA, and the FDCPA, generally, does not apply to creditors. *Kennedy*, 2011 WL 4351534 at *3.

Plaintiff's assertion that Chase "regularly attempts to collect debts," Am. Compl. ¶ 29 (ECF No. 17), does not save her claim. Creditors who regularly collect debts are not debt collectors per se. For example, creditors who regularly collect debts in their own names are not covered by the FDCPA. *Akpan*, 2010 U.S. Dist. LEXIS 20371 at *4. Moreover, Plaintiff does not include any facts to support her claim that Chase "regularly attempts to collect debts." Without specific facts to bolster her claim, this Court cannot accept her threadbare and conclusory allegations. *See Iqbal*, 556 U.S. at 669. For these reasons, Plaintiff fails to demonstrate that Chase falls within either definition of debt collector under the FDCPA.

Plaintiff also fails to show that Chase falls into an exception that would bring it within the definition of debt collector. First, Chase does not fall within the "post-default transfer" exception, under to 15 U.S.C. § 1692a(4). Plaintiff states in her complaint that

Chase placed her mortgage into default status in May of 2009. Am. Compl. ¶ 13 (ECF No. 17). Therefore, Crowley's debt was not assigned or transferred to Chase solely for the purpose of collecting debt after it was placed in default. For this reason, Chase does not fall within the "post-default transfer" exception. Second, Plaintiff makes no allegation indicating that Chase falls under the "other name" exception, pursuant to 15 U.S.C. § 1692a(6). Plaintiff alleges no fact in her Complaint suggesting that Chase attempted to collect the debt using "any name other than [its] own." Plaintiff fails to demonstrate that Chase, a creditor, falls into either exception such that it would be subject to the provisions of the FDCPA.

To plead a cause of action under the FDCPA, the plaintiff must state a plausible claim that the defendant is a debt collector covered by the Act. *Sterling*, 943 F. Supp. 2d. at 585 (citing *Stewart*, 859 F. Supp. 2d at 759). For the foregoing reasons, Plaintiff has failed to state a plausible claim that Defendant Chase is a debt collector. Therefore, Plaintiff's FDCPA claim against Defendant Chase (Count 1) is DISMISSED.

### b. FDCPA Claim Against BWW Law Group (Count 2)

Plaintiff contends that BWW violated the FDCPA's prohibition against false or misleading representations, 15 U.S.C. § 1692e. Am. Compl. ¶ 38 (ECF No. 17). In support of this claim, Plaintiff states in her Amended Complaint that BWW initiated the foreclosure proceeding that led to the sale of her home, filed false and misleading affidavits in the course of that litigation, and "acknowledges it is a debt collector." Am. Compl. ¶¶ 34, 36, 38 (ECF No. 17). In its Motion to Dismiss, BWW argues that Plaintiff failed to plead facts to support her assertion that BWW is a debt collector under the FDCPA. BWW Mot. to Dismiss at 6 (ECF No. 8). Even assuming it were a debt collector, BWW contends, it did not violate the

FDCPA because the Herald-Mail newspaper, not BWW, created the allegedly "false and misleading" affidavits. *Id.* at 7. For the following reasons, Plaintiff sufficiently states a claim for relief against BWW.

First, Plaintiff plausibly pleads that BWW is a debt collector under the FDCPA. In its Motion to Dismiss, BWW contends that Crowley "pleads no facts upon which this Court could find that BWW's principle purpose is the collection of debts." BWW Mot. to Dismiss at 6 (ECF No. 8). Plaintiff alleges, however, that BWW is a law firm and, through its Substitute Trustees, initiated foreclosure proceedings against her after she defaulted on her mortgage. Am. Compl. ¶¶ 14–15, 35–36 (ECF No. 17). Additionally, Plaintiff cites a communication from BWW in which it stated that the document was "from a debt collector." Pl.'s Ex. H (ECF No. 1). Taking Crowley's factual allegations as true, she does not simply rely on the "mere possibility that she could later establish her claim," *McCleary–Evans*, 780 F.3d at 584–585, but rather alleges sufficient facts to support a plausible claim that BWW may be a debt collector under the FDCPA. *See Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d. 766, 778 (E.D.N.C. 2011) (holding that the plaintiff sufficiently alleged that defendant may be a debt collector by stating that defendant handled the underlying foreclosure proceeding attempting to collect plaintiff's debt).

This Court notes that Crowley need not *prove* that BWW is a debt collector under the FDCPA at this stage in the proceedings. Rather, she need only plead facts that allow this Court to draw a reasonable inference that BWW *may* be a debt collector. *McCleary–Evans*, 780 F.3d at 584–585. Until Plaintiff has an opportunity to seek discovery, it would be unreasonable to expect her to allege additional information about BWW's business practices

outside her experience with the firm. *See Taylor v. Mount Oak Manor Homeowners Ass'n, Inc.*, 11 F. Supp. 2d 753, 755 (D. Md. 1998) (denying motion to dismiss on grounds that "plaintiffs have not had ample opportunity to determine the nature of [the defendant's] practice"). For all these reasons, Plaintiff has stated a plausible claim that Defendant BWW may be a debt collector as defined by the FDCPA.

Second, Plaintiff plausibly pleads that BWW has violated the FDCPA. Plaintiff claims that in filing false affidavits in the course of the foreclosure proceeding, *see* Pl.'s Ex. F (ECF No. 1), BWW made a false, deceptive, or misleading representation in connection with the collection of the debt she owed. Am. Compl. ¶ 38 (ECF No. 17). In support of this claim, Plaintiff avers that BWW falsely certified, in an affidavit filed with a Maryland Circuit Court, that it had complied with presale publication requirements mandated by state law. Am. Compl. ¶ 16 (ECF No. 17). Plaintiff claims that the affidavit was false in two respects. First, the alleged dates of publication occurred on or after the date of the Certificate. *Id.* Second, the Herald-Mail did not publish the sale on one of the dates listed on the Certificate. Am. Compl. ¶¶ 16, 21 (ECF No. 17). BWW responds that Crowley is attempting to hold it liable for the actions of a third party with whom BWW does not have an agency relationship. BWW Mot. to Dismiss at 6 (ECF No. 8). Specifically, BWW argues that the Herald-Mail newspaper—not BWW—completed the affidavits, and BWW is not responsible for any incorrect information therein.

BWW overlooks the fact that, in filing the affidavits at issue, it certified before the state court that there were grounds for the statements contained within, regardless of its relationship with the Herald-Mail. Under Rule 1-311(b) of the Maryland Rules of Civil

Procedure, "[t]he signature of an attorney on a pleading or paper constitutes a certification that the attorney has read the pleading or paper; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for improper purpose or delay." Furthermore, under Rule 2-303(d), "[a] copy of any written instrument that is an exhibit to a pleading is a part thereof for all purposes." When Defendant BWW attached the affidavit drafted by the Herald-Mail to a filing submitted to the Circuit Court for Washington County, Maryland, it was certifying that it had read the affidavit and there was "good ground to support it." *See Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d. 856, 863 (S.D. Ohio 2005), *aff'd*, 238 F. App'x 24 (6th Cir. 2007), *cert. denied*, 552 U.S. 1185 (2008) ("Defendant cannot escape liability under the FDCPA by blaming its clients for the contents of the affidavit."). For these reasons, regardless of BWW's relationship with the Herald-Mail, it is responsible for the contents of the affidavits at issue. Therefore, it is not fatal to Plaintiff's claims that BWW did not draft the affidavit.

Moreover, Plaintiff has stated a plausible claim that in filing a false affidavit, Defendant BWW violated 15 U.S.C. § 1692e's prohibition against false or misleading representations. Viewing the facts alleged in the light most favorable to Plaintiff, Defendant BWW filed an affidavit certifying that it had complied with presale publication requirements mandated by state law in order for a foreclosure sale to proceed when in fact it had not done so. These facts constitute a plausible claim that the affidavit at issue would mislead the "least sophisticated consumer." *Gionis*, 405 F. Supp. 2d. at 868 (holding that affidavit, filed with civil complaint to recover debt, stating attorney was entitled to attorneys' fees would lead "the least sophisticated consumer" to believe that she might need to pay attorneys' fees

even though they were not recoverable under OH law).  Accordingly, Plaintiff has stated a plausible claim for relief against BWW under the FDCPA (Count 2).  Therefore, Defendant BWW's Motion to Dismiss (ECF No. 8) is DENIED with respect to Count 2.

## II.    Plaintiff's Maryland Consumer Debt Collection Act Claims (Counts 4 & 5)

The Maryland Consumer Debt Collection Act ("MCDCA") prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt.  MD. CODE ANN., COM. LAW §§ 14-201 to 14-204.  The MCDCA only allows recovery against creditors that attempt to collect debts when they have no right to do so.  *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d. 452, 464 (D. Md. 2013) (*citing Stewart*, 859 F. Supp. 2d. at 770).  Therefore, the MCDCA prohibits a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," *id.* § 14-201(b), from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist."  *Id.* § 14-202(8).

The right to collect a debt typically vests when a debtor defaults on the debt.  *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC 11-3758, 2013 WL 247549, at *9 (D. Md. Jan. 22, 2013) (*citing Pac. Mortg. & Inv. Group, Ltd. v. LaGuerre*, 81 Md. App. 28, 40–41 (1989)).  For example, the right to initiate foreclosure proceedings typically vests when the debtor defaults on her mortgage.  *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d. 788, 802 (D. Md. 2013).  Debtors are not entitled to recovery under the MCDCA, however, "based on errors or disputes in the process or procedure of collecting legitimate, undisputed debts."  *Marchese*, 917 F. Supp. 2d. at 464 (*citing Stewart*, 859 F. Supp. 2d. at 770); *Currie*, 950 F. Supp. 2d. at 802.  In *Currie v. Wells Fargo Bank*, the plaintiffs claimed that the defendants could not

foreclose on their home because the defendants had failed to comply with various provisions of the Maryland Real Property Article. 950 F. Supp. 2d. at 802. The court concluded that the defendants were enforcing a valid right under section 14-202(8) regardless of their failure to comply with procedural requirements because the plaintiffs had defaulted on their mortgage. *Id. See also Stovall v. SunTrust Mortgage, Inc.*, No. RDB-10-2836, 2011 WL 4402680, at *9 (D. Md. Sept. 20, 2011) (same).

Plaintiff claims that Chase and BWW violated the MCDCA's prohibition against "[enforcing] a right with knowledge that the right does not exist" by attempting to collect "various excess sums for attorney's fees and penalties associated with [her] loan by filing false and misleading affidavits…" Am. Compl. ¶¶ 46, 49 (ECF No. 17). In their motions to dismiss, both Chase and BWW argue that Crowley's section 14-202(8) claim is without merit because the underlying debt was valid and Crowley alleges only a procedural defect. BWW Mot. to Dismiss at 7–9 (ECF No. 8); Chase Mot. to Dismiss at 9–11 (ECF No. 9). Plaintiff responds that the "right" under section 14-202(8) does not vest until the presale publication requirements are met in accordance with Maryland Rule 14-210, *see supra* note 2, and a "person has no right to conduct a foreclosure sale *unless* the advertising requirements [are met]." Pl. Opp. to BWW Mot. to Dismiss at 7 (ECF No. 11) (emphasis in original). For the following reasons, Plaintiff fails to state a claim against Chase or BWW under the MCDCA.[5]

---

[5] Although this Court has dismissed Plaintiff's federal claim against Chase, it elects to exercise supplemental jurisdiction over Plaintiff's state law claims against Chase, pursuant to 28 U.S.C. § 1367. Courts have broad discretion in choosing whether to retain jurisdiction over state claims once federal claims have been dismissed. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995); *see also Williams v. Richardson*, No. 04-1810, 2005 WL 1076128, at *2 (D. Md. Apr. 21, 2005) ("Supplemental jurisdiction is a discretionary doctrine."). In making this determination, the court should consider factors such as "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58

Crowley does not dispute that her mortgage was in default when Defendants initiated the foreclosure proceeding or that she owes a debt to Defendants Chase and BWW. Am. Compl. ¶¶ 13–14, 28–33 (ECF No. 17). In her Amended Complaint, she states that Chase placed her mortgage in default on May 2, 2009. Am. Compl. ¶ 13 (ECF No. 17). Under section 14-202(8) of the MCDCA, this is the date on which the Defendants' right to "enforce the debt" owed by Crowley vested. On November 13, 2013, BWW initiated the underlying foreclosure proceeding against Crowley. Am. Compl. ¶ 14 (ECF No. 17). As in *Currie* and *Stovall*, this foreclosure proceeding was a valid attempt to enforce Defendants' existing right to the debt that Crowley owed.

Plaintiff's argument that Defendants did not have a right to foreclose on her home because they failed to meet procedural requirements is an attempt to recover "based on errors or disputes in the process or procedure of collecting legitimate, undisputed debts," an argument rejected on many occasions by this Court. *Marchese*, 917 F. Supp. 2d. at 464; *Stovall*, 2011 WL 4402680 at *9; *Currie*, 950 F. Supp. 2d. at 802; *Piotrowski*, 2013 WL 247549 at *9 (holding that "a servicer's compliance with statutes and regulations is generally not a condition precedent to initiating foreclosure proceedings once a borrower defaults"). For these reasons, Plaintiff fails to state a claim for relief against either Chase or BWW under the MCDCA. Therefore, Counts 4 & 5 are DISMISSED.

---

F.3d at 110 (citation omitted). In this case, the Court finds that it can efficiently dispose of Plaintiff's remaining state claims against Chase. For these reasons, this Court elects to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

### III.    Plaintiff's Maryland Consumer Protection Act Claim (Count 3)

The purpose of the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN., COM. LAW § 13-101 *et seq.*, is to protect consumers from unfair or deceptive trade practices, *Butler v. S & S Partnership*, 435 Md. 635 (2013), by setting minimum statewide standards for the protection of consumers. MD. CODE ANN., COM. LAW § 13-102(b)(1). The Act specifically prohibits unfair or deceptive trade practices in "the extension of consumer credit," and "the collection of consumer debts." *Id.* at § 13-303(4)-(5). To state a claim under the MCPA, the plaintiff must show that the defendant is a "person" covered by the Act and not subject to an exemption.[6] If the defendant is covered, the plaintiff must allege that the defendant's conduct was "(1) an unfair or deceptive practice or misrepresentation that [was] (2) relied upon, and (3) cause[d] them actual injury." *Stewart*, 859 F. Supp. 2d. at 768 (*citing Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 140 (2007)). As stated *supra*, an MCPA claim "sounds in fraud," and must be pleaded with particularity. Fed. R. Civ. P. 9(b); *Spaulding*, 714 F.3d. at 777.

With respect to the "reliance" element, *Currie* provides further guidance. *Currie*, 950 F. Supp. 2d. at 797–798. In that case, the plaintiffs claimed that the defendants violated the MCPA by (1) filing an affidavit in court containing false information, and (2) misrepresenting that they had the true and proper legal documents needed to effect the foreclosure. *Id.* at 797. The Court found that this was insufficient to state a claim under the

---

[6] A "person" under the MCPA is any "individual, corporation, business trust, statutory trust, estate, trust, partnership, association, two or more persons having a joint or common interest, or any other legal or commercial entity." Section 13-104 includes several exemptions for certain professionals. MD. CODE ANN., COM. LAW § 13-104. Lawyers, even those appointed as trustees in foreclosure proceedings, are exempt under the MCPA. *Id.* at § 13-104(1); *Stewart*, 859 F. Supp. 2d. at 768.

MCPA because the plaintiffs did not allege that the statements "induced them to take any action or 'substantially' induced any choice." *Id.* at 798.

Crowley claims that Chase "deceived her when it filed false and misleading affidavits affirming that the foreclosure sale was properly advertised," in violation of the MCPA. Am. Compl. ¶ 41 (ECF No. 17). In its Motion to Dismiss, Chase argues that Plaintiff's Complaint contained no allegation of actual damages. Chase Mot. to Dismiss at 12 (ECF No. 9). In response, Plaintiff amended her complaint to include allegations of specific damages, and the claim that "Plaintiff reasonably relied on the representations made by Defendants and suffered damages as a result of Defendants' unfair and deceptive practices." Am. Compl. ¶ 23-25 (ECF No. 17). For the following reasons, Plaintiff fails to state a claim against Chase.

Assuming, without deciding, that the false affidavits are a "deceptive trade practice" under the MCPA, Plaintiff fails to demonstrate that she relied on the affidavits. As in *Currie*, Plaintiff does not plead any facts from which the court could plausibly infer that the affidavits induced her to take any action or substantially induced any choice that she made. In fact, she noticed the error in the affidavits and promptly objected to their admission. Am. Compl. ¶ 18 (ECF No. 17). For these reasons, Plaintiff fails to state a sufficient claim under the MCPA. Therefore, Plaintiff's MCPA claim against Defendant Chase (Count 3) is DISMISSED.

## IV.     Plaintiff's Maryland Mortgage Fraud Protection Act Claim (Count 6)

The Maryland Mortgage Fraud Protection Act ("MMFPA"), MD. CODE ANN., REAL

PROP. § 7-401 *et seq.*, broadly states, "[a] person may not commit mortgage fraud." *Id.* § 7-

402.  Relevant to the present action, the statute defines mortgage fraud as:

> (1)  Knowingly making any deliberate misstatement, misrepresentation, or
> omission during the mortgage lending process with the intent that the
> misstatement, misrepresentation, or omission be relied on by a mortgage
> lender, borrower, or any other party to the mortgage lending process;
>
> (2)  Knowingly creating or producing a document for use during the mortgage
> lending process that contains a deliberate misstatement, misrepresentation, or
> omission with the intent that the document containing the misstatement,
> misrepresentation, or omission be relied on by a mortgage lender, borrower,
> or any other party to the mortgage lending process;
>
> (3)  Knowingly using or facilitating the use of any deliberate misstatement,
> misrepresentation, or omission during the mortgage lending process with the
> intent that the misstatement, misrepresentation, or omission be relied on by a
> mortgage lender, borrower, or any other party to the mortgage lending
> process; . . . or . . .
>
> (6)  Filing or causing to be filed in the land records in the county where a
> residential real property is located, any document relating to a mortgage loan
> that the person knows to contain a deliberate misstatement, misrepresentation,
> or omission.

MD. CODE ANN., REAL PROP. § 7-401(d)(1)-(6).  The statutory definition of the "mortgage

lending process" includes "(i) [t]he solicitation, application, origination, negotiation,

servicing, underwriting, signing, closing, and funding of a mortgage loan; and (ii) the

notarizing of any document in connection with a mortgage loan." *Id.* § 7-401(e)(2).  The

mortgage lending process includes "post-closing servicing activities" such as foreclosure

proceedings.  *Marchese*, 917 F. Supp. 2d. at 469 (*citing Stovall*, 2011 WL 4402680 at *10).

In order to state a claim under the MMFPA, the plaintiff must allege facts establishing that the defendant had knowledge of the statement's falsity, and that the defendant gained or attempted to gain something by making the alleged misrepresentations. *Zervos v. Ocwen Loan Servicing, LLC*, 1:11-cv-03757-JKB, 2012 WL 1107689, at *7 (D. Md. Mar. 29, 2012) *(citing Harrison v. Westinghouse Savannah River Co.*, 176 F.3d. 776, 784 (4th Cir. 1999)). Additionally, the plaintiff must demonstrate that she was injured by the misrepresentation. *Marchese*, 917 F. Supp. 2d. at 469. As stated *supra*, an MMFPA claim "sounds in fraud," and must be pleaded with particularity. Fed. R. Civ. P. 9(b); *Spaulding*, 714 F.3d. at 777.

Plaintiff claims that Chase "knowingly made misstatements, misrepresentations, and omissions during the mortgage lending process with the intent that Plaintiff would rely on them…" in violation of the MMFPA. Am. Compl. ¶ 55 (ECF No. 17). In support of this allegation, Plaintiff avers that Chase filed false and misleading affidavits causing her home to be sold at auction. *Id.* In response, Defendant Chase argues that Crowley fails to plead "what Chase obtained through the alleged misrepresentations," and she "cannot claim injury." Chase Mot. to Dismiss at 14 (EFC No. 9). Additionally, Chase claims that Crowley fails to sufficiently allege that Chase knowingly filed the fraudulent affidavits. *Id.* Plaintiff contends in her Amended Complaint that as a result of Chase's misrepresentations in violation of the MMFPA, she incurred "substantial principal and interest arrears, penalties, and attorney's fees and court costs." Am. Compl. ¶ 56 (ECF No. 17). For the following reasons, Plaintiff fails to state a claim under the MMFPA.

Plaintiff does not allege facts from which this Court can plausibly infer that Chase *knowingly* made any misstatement or misrepresentation in violation of the MMFPA. Plaintiff contends that "Chase wrongly filed false and misleading affidavits." Am. Compl. ¶ 55 (ECF No. 17). If Chase had filed the affidavits, it would be plausible to infer that it had knowledge of their falsity. Plaintiff's Complaint, however, indicates that BWW filed the affidavits—not Chase. Pl.'s Ex. D (ECF No. 1). According to the docket in the underlying foreclosure proceeding, only BWW attorneys entered appearances on behalf of the plaintiff. *Id.* Therefore, only BWW attorneys could have filed the false affidavits, and Plaintiff fails to allege any facts from which the Court can plausibly infer that Chase played any role in that act. *Compare Benson v. Candor Mortg. Corp.*, No. 10-481, 2010 WL 1741379, at *4 (D. Md. Apr. 27, 2010) (holding that the plaintiff's MMFPA claim was deficient against mortgage servicer because it "[could not] plausibly have played a role in the closing" where the false statements were made) *with Stovall*, 2011 WL 4402680 at *10 (finding that the plaintiff stated a claim against mortgage servicer under MMFPA for substitute trustee's filing of false affidavits where mortgage servicer was highly involved in foreclosure process)). Without more, Crowley fails to meet Rule 9(b)'s pleading standard, plausibly claiming that Chase knowingly made misstatements or misrepresentations in violation of the MMFPA. For these reasons, Crowley does not state a sufficient claim under MMFPA. Therefore, Chase's Motion to Dismiss (ECF No. 9) is GRANTED, and Plaintiff's MMFPA claim against Defendant Chase (Count 6) is DISMISSED.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 17) is GRANTED, Defendant JPMorgan Chase's Motion to Dismiss (ECF No. 9) is GRANTED with respect to all Counts, and Defendant BWW Law Group's Motion to Dismiss (ECF No. 8) is GRANTED IN PART, and DENIED IN PART. Specifically, Plaintiff's MCDCA claim against BWW (Count 5) is DISMISSED, and the only remaining claim left in this matter is Plaintiff's FDCPA claim against BWW (Count 2).

A separate Order follows.


Dated:        November 9, 2015


                                        _____/s/_____
                                        Richard D. Bennett
                                        United States District Judge